UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

DERRICK ALEXANDER WILLIAMSON,

Plaintiff,

v.

WARDEN CONSTANCE REESE,

Defendant.

Civil File No. 02-66 (JMR/FLN)

ORDER

Plaintiff, a prisoner at the Federal Medical Center in Rochester, Minnesota, commenced this action on January 7, 2002, by filing a self-styled pleading seeking a writ of mandamus. Plaintiff did not pay any filing fee for this action, but instead filed an application for leave to proceed in forma pauperis, ("IFP"). (Docket No. 5.) That application is now before the Court and must be addressed before any other action is taken in this matter.

Because Plaintiff is a prisoner, his IFP application is subject to the requirements set forth at 28 U.S.C. § 1915(b), which provides that:

> (1) Notwithstanding subsection (a), if a prisoner brings a civil action . . . in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of–
>
> (A) the average monthly deposits to the prisoner's account; or
>
> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint . . .
>
> (2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of

JAN 15 2002
FILED
RICHARD
JUDGMENT
DEPUTY CLERK

> the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.
>
> (3) In no event shall the filing fee collected exceed the amount of fees permitted by statute for the commencement of a civil action . . .
>
> (4) In no event shall a prisoner be prohibited from bringing a civil action ... for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.

(Emphasis added.)

According to this statute, which is part of the Prison Litigation Reform Act of 1995, ("PLRA"), prisoners who are granted IFP status are not excused from paying the court filing fee altogether, (as is the case for non-prisoner IFP litigants). Instead, a prisoner who is granted IFP status is merely granted permission to pay the filing fee in installments, rather than paying the entire amount in advance. Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"). Section 1915(b)(1) requires prisoner IFP applicants to pay an initial partial filing fee at the outset of the case, and § 1915(b)(2) requires that the remaining balance be paid in installments through regular deductions from the prisoner's trust account.

In the instant case, Plaintiff's IFP application includes information pertaining to his inmate trust account, (as required by § 1915(a)(2)), which shows that his average monthly deposit during the preceding six-month period was $90.00, and that his average monthly balance during the same period was $30.00. Applying the formula prescribed at

§ 1915(b)(1), the Court concludes that Plaintiff must pay an initial partial filing fee in this case in the amount of $18.00, ($90.00 x 20% = $18.00). This action will not go forward until Plaintiff's $18.00 initial partial filing fee has been paid. The remaining balance of the $150.00 filing fee will have to be paid in later installments. Prison officials will have to deduct funds from Plaintiff's trust account and submit such funds to the Court, as provided by § 1915(b)(2).

If the initial partial filing fee prescribed herein is paid within twenty (20) days after the date of this order, the case will be allowed to go forward. It should be noted, however, that if such initial partial filing fee is timely paid, the complaint still will have to be "screened" pursuant to 28 U.S.C. § 1915A to determine whether Plaintiff has stated a claim on which relief may be granted. Only if Plaintiff's pleading survives such screening will the Court grant IFP status and order that a summons be issued and that Defendant be served by the U.S. Marshal.[1] If the initial partial filing fee is not paid within twenty (20) days, Plaintiff will be deemed to have abandoned this action, and it will be recommended that the case be dismissed without prejudice for lack of prosecution. Fed. R. Civ. P. 41(b).

---

[1] Although the complaint in this case has not yet been thoroughly examined, a cursory inspection suggests that it probably will not survive the initial screening process, because it appears that Plaintiff has not fully exhausted all of his available administrative remedies for all of his claims. See 42 U.S.C. § 1997e(a). A prisoner lawsuit is subject to summary dismissal if the prisoner has not shown that he has exhausted all available administrative remedies before seeking relief from the courts. See McAlphin v. Morgan, 216 F.3d 680, 682 (8th Cir. 2000). In this case, it appears that Plaintiff has pursued numerous grievances through the Bureau of Prisons administrative remedy procedures, but it also appears that he has not pursued all available administrative remedies for the specific relief that he is seeking here -- namely a transfer out of the mental health unit where he is presently confined. Plaintiff should carefully consider whether he wants to commit himself to paying $150 (from his apparently limited assets) to pursue an action that probably will be summarily dismissed, because he has not shown that he has satisfied the exhaustion requirement with regard to the relief he is presently seeking.

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS HEREBY ORDERED** that:

Within twenty (20) days after the date hereof, Plaintiff shall pay an initial partial filing fee of not less than $18.00, failing which it will be recommended that the action be dismissed without prejudice.

Dated: January 15, 2002

FRANKLIN L. NOEL
Chief Magistrate Judge